UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SUMMER FURNITURE ON GRANT STREET, INC., d/b/a SUMMER FURNITURE, INC., Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:15-CV-362-TLS-JEM |
| SECURITY NATIONAL INSURANCE COMPANY and NORTHERN UNDERWRITING MANAGERS, INC., d/b/a NORTHERN ILLINOIS INSURANCE AGENCY, Defendants. | ) ) ) ) ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash [DE 34], filed by Plaintiff Summer Furniture on Grant Street, Inc., d/b/a Summer Furniture, Inc., on February 29, 2016. Defendant Security National Insurance Company filed a response on March 14, 2016, and on March 17, 2016, Plaintiff filed a reply. Plaintiff seeks to quash subpoenas duces tecum issued to three cell phone companies by Security National.

Plaintiff argues that it should have received notice of the subpoenas before they were issued. Federal Rule of Civil Procedure 45 provides, in part, that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

In this case, Plaintiff argues that it did not receive a copy of the subpoenas from Security National, and only became aware of them when it received a copy from its client. Security National does not dispute that it failed to give notice to Plaintiff, but argues that Plaintiff has the opportunity

to have its objections to the subpoenas heard now, so that the lack of prior notice is moot and does not cause any prejudice, especially since it issued cease and desist letters and has agreed not to review any records it does receive. Plaintiff argues that Security National's failure to provide notice before issuing the subpoenas prevented Plaintiff from objecting before they were received by the cell phone providers, and there is no guarantee that the providers will abide by the cease and desist directives. In addition to the lack of notice, Plaintiff also argues that the subpoenas do not seek information relevant to the case, since there are no claims or defenses pending to which the phone records sought would be relevant.

"The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002). Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Security National argues that the cell phone records are relevant because it is the State Fire Marshal's opinion that the fire was of incendiary origin, and the records will show the whereabouts of the insured and its key employees at the times surrounding the fire, thereby relating both to the question of opportunity and of the credibility of those witnesses. Plaintiff argues that Security National did not base its denial of the claim on a claim of arson, nor has it raised it as an affirmative defense. Although Security National admits that it had not asserted an affirmative defense of arson, it argues that it is reasonable for it to pursue those records as part of its evaluation regarding whether it wants to bring an arson defense. In addition, it argues that Defendant Northern Underwriting

2

Managers, Inc., d/b/a Northern Illinois Insurance Agency, has asserted as an affirmative defense that is related to their investigation into arson. That affirmative defense alleges that "Plaintiff's injuries, damages, losses, and expenses were proximately caused either in full or in part by the negligence, fault, or misconduct of Plaintiff."

Plaintiff argues that the Marshal's report indicating that the fire was incendiary did not conclude that the fire was caused by arson. It also argues that a party bringing an accusation of arson as a defense should do so only after reasonable inquiry showing that such a defense is warranted. It makes this argument pursuant to Federal Rule of Civil Procedure 11, which provides that presentation of a pleading is a certification "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support . . .", Fed. R. Civ. P. 11(b)(3), and argues that Security National is attempting to use the subpoenas to conduct discovery prior to bringing the defense. Security National argues that it is appropriate for it to make a reasonable inquiry to determine the viability of an arson defense prior to bringing the defense.

In this case, arson is not a defense brought by Security National, and the general defense of its co-defendant is insufficient to make the phone records "reasonably calculated to lead to the discovery of admissible evidence" based on the pleadings as they stand so far. Security National did not move to amend its answer to add any affirmative defenses before the deadline to do so expired, although it did file a motion requesting an extension of the deadline on that day. Security National argues that even if it does not bring an arson defense, the records are also relevant to whether or not the employees were telling the truth when they reported their whereabouts to the State Fire Marshal, potentially giving Security National a basis for impeaching the credibility of the

insured's representatives and employees. Summer Furniture argues that this attempt is meaningless absent an allegation of arson, since statements about the employees's whereabouts are only relevant if there is an allegation of arson. Security National has not provided any authority for the contention that Rule 26 permits discovery into a matter that *might* be, but is not yet, a claim or defense, let alone speculative grounds for impeachment of a potential witness, and the request seems more akin to a fishing expedition than a legitimate attempt to attain admissible evidence.

Security National does not dispute that it failed to comply with Rule 45's requirement that it inform each party of the subpoena before it was served. Furthermore, the phone records do not appear to be relevant to any claim or defense in this case and the request at this time is overly broad.

Accordingly, the Court hereby **GRANTS** the Motion to Quash [DE 34], **QUASHES** the subpoenas issued by Security National Insurance Company to T-Mobile, AT&T Wireless, and Cellco Partnership d/b/a Verizon Wireless dated February 28, 2016, and **ORDERS** that any responses to the subpoenas that have been received by Defendant Security National as a result of those subpoenas are barred from use in this litigation.

SO ORDERED this 10th day of June, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record