SUMMER FURNITURE ON GRANT )
STREET, INC., d/b/a SUMMER )
FURNITURE, INC., )
    Plaintiff, )
     )
v. )      CAUSE NO. 2:15-CV-362-TLS-JEM
     )
SECURITY NATIONAL INSURANCE )
COMPANY and NORTHERN )
UNDERWRITING MANAGERS, INC., )
d/b/a NORTHERN ILLINOIS )
INSURANCE AGENCY, )
    Defendants. )

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion for Leave to File Amended Answers and Affirmative Defenses [DE 67], filed by Defendants on July 29, 2016. Plaintiff filed a Response on August 8, 2016, and Defendant Northern Underwriting Managers, Inc. filed a reply on August 15, 2016.

## BACKGROUND

Plaintiff sued Defendants on September 21, 2015, alleging insurance-related claims arising out of a fire that destroyed Plaintiff's business property. Defendant Security National Insurance Company filed an Answer and Affirmative Defenses on November 16, 2015. Northern Underwriting did the same on November 20, 2015.

The Court initially set a May 15, 2016, deadline for Defendants to amend their pleadings, but on Defendants' motion the Court later extended Defendants' deadline for amending pleadings to July 29, 2016. On that date, Defendants filed a motion seeking to add affirmative defenses that "Plaintiff's claims may be barred or limited because of arson." Arson is not among the affirmative

defenses enumerated in Rule 8(c)(1), but "it is generally held that arson is an affirmative defense to be established by proof . . . that the insured participated in the burning of the property to obtain the insurance proceeds." *Palace Entertainment, Inc. v. Bituminous Cas. Corp.*, 793 F.2d 842, 844 (7th Cir. 1986) (internal quotation omitted).

Defendants argue that they should be allowed to add affirmative defenses of arson because "substantial circumstantial evidence" indicates that the fire that destroyed Plaintiff's property was caused by arson. Plaintiff counters that Defendants' proposed affirmative defenses "are nothing more than bare, conclusory statements."

## ANALYSIS

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that the Court "should freely give leave when justice so requires." *Id*. The decision to grant or deny a motion to amend lies within the Court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Here, Plaintiff does not argue that it will suffer prejudice if Defendants are allowed to amend their affirmative defenses. Nor does Plaintiff allege any undue delay, bad faith, or dilatory motive by Defendants, and Defendants have not repeatedly failed to cure deficiencies in their answers. The only question, then, is whether the proposed affirmative defenses are futile. Plaintiff argues that the proposed affirmative defenses are futile because they do not satisfy the Federal Rules of Civil Procedure's pleading requirements and would be subject to dismissal under Rule 12(b)(6).

As Plaintiff notes, affirmative defenses are pleadings and are therefore subject to the Federal Rules of Civil Procedure's pleading requirements. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The familiar pleading requirements for a *complaint* come from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To satisfy *Twombly* and *Iqbal* and survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

But district courts are divided on the question of whether an *affirmative defense* must comply with *Twombly* and *Iqbal*'s heightened pleading standard. *See Cottle v. Falcon Holdings Mgmt., LLC*, No. 11-95, 2012 U.S. Dist. LEXIS 10478, *3-4 (N.D. Ind. Jan. 30, 2012) (collecting cases on both sides); *Husainy v. Allied Collection Serv., Inc.*, No. 15-95, 2016 U.S. Dist. LEXIS 54073, *2 (N.D. Ind. Apr. 22, 2016) ("The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in [*Twombly* and *Iqbal*] applies to ... affirmative defenses.").

Some courts have held that *Twombly* and *Iqbal* do apply to affirmative defenses. *See, e.g., HCRI TRS Aquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) ("the pleading requirements for affirmative defenses are the same as for claims of relief"); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) ("the vast majority of courts . . . have extended *Twombly*'s heightened pleading standard to affirmative defenses") (collecting cases).

But courts in the Northern District of Indiana have generally held that an affirmative defense need not satisfy *Twombly* and *Iqbal*. *See Cottle*, 2012 U.S. Dist. LEXIS 10478 at *5 ("This Court

agrees with those cases declining to apply the 'plausibility' standard of *Iqbal* and *Twombly* to affirmative defenses."); *Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 14-231, 2015 U.S. Dist. LEXIS 153057, *19 (N.D. Ind. Nov. 12, 2015) ("the Court declines to apply to affirmative defenses the plausibility standard applied in *Iqbal* and *Twombly*"); *Husainy*, 2016 U.S. Dist. LEXIS 54073 at *2 ("This Court continues to agree with those cases declining to apply . . . *Iqbal* and *Twombly* to affirmative defenses.").

Under this view, an affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller Fin., Inc. v. Midway Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id.* at 1295 (emphasis added). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle*, 2012 U.S. Dist. LEXIS 10478 at *12; *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense.").

Here, the Court finds that Defendants' proposed affirmative defenses of arson would not provide Plaintiff with adequate notice. Plaintiff argues that the proposed affirmative defenses are improperly "bare bones" and "conclusory," but in fact the proposed affirmative defenses are not *even* conclusory, as Defendants propose to plead that Plaintiff's claims "may" be barred because of

arson, not that the claims *are* barred. Further, the proposed affirmative defenses do not adequately put Plaintiff on notice: they simply reference "arson" without alleging any additional information. *See Heller*, 883 F.2d at 1295.

Because the deficiencies in Defendants' proposed affirmative defenses can likely be cured, the Court will grant Defendants leave to file a revised motion. Plaintiff argues that Defendants' desired arson defenses will be futile because Defendants "will be unable to substantiate their arson claim" to survive a summary judgment motion, but that question will depend on what turns up in discovery. Plaintiff says that Defendants "want to put the cart before the horse" by pleading affirmative defenses before uncovering enough facts to support such a defense. But the Court quashed Defendant Security National's arson-related subpoena when Security National attempted to serve it without having pleaded arson as an affirmative defense. The Court declines to trap Defendants in a catch-22 by now barring them from pleading arson as an affirmative defense on the ground that not enough facts support the defense. That question is one to be resolved at a later date.

For the reasons above, the Court hereby **DENIES** Defendants' Joint Motion for Leave to Amend Answers and Affirmative Defenses [DE 67], **with leave to re-file** a revised motion on or before **October 11, 2016**.

The telephonic hearing on Northern Underwriting's Motion to Extend Fact Discovery Deadline remains set for October 14, 2016, at 11:00 a.m. Central Time.

So ORDERED this 4th day of October, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record